# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-03680-RGK-PVC | Date | April 1, 2024 |
|---|---|---|---|
| Title | *Commodity Futures Trading Commission et al. v. Red Rock Secured, LLC et al.* | | |

Present: The Honorable  R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Joseph Remigio | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                Not Present

**Proceedings:**   **(IN CHAMBERS) Order to Show Cause Re: CFTC's Authority to Bring the Present Enforcement Action**

On May 15, 2023, the Commodity Futures Trading Commission ("CFTC"), the California Department of Financial Protection and Innovation ("DFPI") and Hawaii Department of Commerce and Consumer Affairs, Securities Enforcement Branch ("SEB") (collectively, "Plaintiffs") filed a Complaint against Red Rock Secured, LLC ("Red Rock"), Sean Kelly, and Anthony Spencer (collectively, "Defendants") alleging, among other things, that Defendants engaged in unlawful business practices in violation of the Commodities Exchange Act ("CEA"). (ECF No. 1.)

On July 14, 2023, Defendants moved to dismiss the Complaint, arguing in part that the CFTC lacks authority to bring a civil enforcement action regarding Defendants' non-leveraged precious metals sales. (ECF Nos. 28–29.) Specifically at issue was the interpretation of two provisions of the CEA: § 2(c)(2)(D) and § 6(c)(1) (codified as 7 U.S.C. § 2(c)(2)(D) and § 9(1)). While neither party disputed that § 2(c)(2)(D) confers jurisdiction to bring enforcement actions related to leveraged commodity sales, the parties disagreed regarding the meaning of § 6(c)(1). According to the CFTC, § 6(c)(1) confers broad authority to bring enforcement actions relating to all commodities sales—leveraged and non-leveraged. Defendants, on the other hand, argued that the CFTC's interpretation of § 6(c)(1) improperly expands its power beyond what Congress granted. The Court declined to dismiss the claim, noting that the Ninth Circuit's recent decision in *CFTC v. Monex Credit Co.*, 931 F.3d 966 (9th Cir. 2019) had left "unresolved" the issue of "whether § 6(c)(1) confers authority upon Plaintiffs to pursue enforcement actions regarding cash sales of commodities." (Min. Order at 4, ECF No. 40.)

On February 29, 2024, Plaintiffs and Spencer each moved for summary judgment. (ECF Nos. 72, 73.) In his Motion, Spencer briefly renews his argument regarding the CFTC's authority. Plaintiffs' Motion briefly reasserts the CFTC's authority under § 6(c)(1). And although Red Rock and Kelly did not move for summary judgment, they oppose Plaintiffs' Motion, in part because the issue of the CFTC's authority remains unresolved. None of the parties provide any significant argument regarding the correct interpretation of § 6(c)(1) or any evidence of legislative intent.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-03680-RGK-PVC | Date | April 1, 2024 |
|---|---|---|---|
| Title | *Commodity Futures Trading Commission et al. v. Red Rock Secured, LLC et al.* | | |

The parties' scant briefing is insufficient to resolve this potentially dispositive legal issue. Because the scope of the CFTC's authority is inappropriate for resolution by a jury, the Court must decide this issue before the May 14, 2024 trial. Accordingly, the Court **ORDERS** the parties to **show cause in writing** whether the CFTC is authorized to bring this enforcement action under § 6(c)(1). Such a response shall not exceed **five pages** and must be filed by **Thursday, April 4, 2024 at 4:00pm**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | JRE/ak |